## T. N. WAUL v. JAMES HARDIE.

Where a bill of particulars was referred to in the petition as part thereof, and there was an exception to the reading thereof as part of the petition, on the ground that it was not attached to the petition nor marked filed, this Court said it would have been more regular to have caused the bill of particulars to be marked filed, now for then; but that at most the permission to read it, without such endorsement, was an irregularity in practice, not of a character to require a reversal of the judgment.

That the defendant might have expressed himself well pleased with other work done by the plaintiff, and that it may have been well done, did not conduce, in any degree, to prove that the work done for the defendant was executed in a like workmanlike manner.

A party has a right to have none but legal evidence submitted to a jury. And where that which is irrelevant has been admitted, against the objections of the party, if it may have had an improper influence upon the jury, it will require a reversal of the judgment.

That instructions asked (although it does not appear that the Judge has given a general charge, or any charge at the request of the other party,) do not embrace all the law of the case, is no reason for refusing them.

Where there is evidence conducing to prove a defence, which has been pleaded, it is error to refuse instructions which are correct in point of law and applicable to such defence; although the Court has given no instructions, and the giving of the instructions asked, may require the Court to give other instructions in order to put the case properly before the jury.

Where a mechanic contracts to do work, he is bound to do it in a good and workmanlike manner, and if, from the want of proper skill, the work proves worthless, he is entitled to nothing for the work; and if, from the unskilful manner in which the work is done, damage results to the other party, the workman is responsible for it

Appeal from Gonzales. Tried below before the Hon. Fielding Jones.

Suit by appellee against appellant for work and labor done and materials furnished, in the erection of a mill or machine, and the patent right thereof, which plaintiff alleged belonged to him. A bill of particulars was referred to in the petition, as being part thereof. The amount claimed was $879 36. .

Answer of general denial; and further, that by reason of the unskillfulness of the plaintiff in selecting a site for the mill, and the unskillful, unfaithful and fraudulent manner in which the materials were selected and the work done, the mill, or machine was wholly worthless and failed to serve the purpose for which it was constructed; and the defendant reconvened for his damages in the premises, $2484.

The plaintiff introduced evidence which proved contract (price or time of payment not proved,) for the building of the machine; that the machine was built by the plaintiff; and that the defendant had been much taken with the plan of the new invention. and continued sanguine of its success, even after the first experiment.

The bill of particulars consisted of items of materials, charges on same, the services of plaintiff and an assistant, traveling expenses, and one item of $250 for the patent right. The machine was an invention of the plaintiff's not then patented, and upon which he was experimenting. It was designed as a substitute for horse power in driving cotton gins, grinding corn and sawing lumber, by means of currents of running water, operating upon oars or arms extending down from a frame so constructed that it could be raised and lowered, to suit different stages of water.

The defendant proved that the plaintiff guaranteed the success of the machine, and that its power should be at least equal to a four horse power; representing it also to be capable of driving a gin and corn mill at the same time; that the defendant had selected a place on the river bank, above · overflow, where he intended it to be placed; but that the plaintiff, commencing in his absence, chose a place where the bank was lower; that when defendant returned soon after, he objected to the location, saying it was not above overflow, and that the plaintiff said he would take the risk of that himself; that plaintiff about same time said he intended to use heavier irons in defendant's machine, but they had not arrived; that defend-

ant told him not to use a piece of iron or stick of timber, that did not exactly suit him, for he was doing it all at his own risk. It was very clear that the defendant was very sanguine in his hopes for the success of the plaintiff's experiment, and and that he afforded him every chance to give it a fair trial. When the machine was first applied to the gin, it drove very well, about equal to a four horse power ; the plaintiff superintended this first experiment ; but he left on Tuesday, and on Thursday the machine had got to jarring and jumping so that defendant was obliged to stop it. On examination it was found that the plaintiff, in order to give it all the power he could, had set it so shallow, that some of the cogs were already worn one-third off. The plaintiff was immediately sent for ; came, and acknowledged that he had set it too shallow, and said that he intended to change it before leaving, but forgot to do so ; changed it then, and when properly set, it was scarcely equal to a two horse power. There was other evidence conducing to prove that the machine was not constructed in a workmanlike manner ; that the timbers were disproportionate to the irons, being constructed so as to afford more power than the irons could sustain, &c. The machine was put up in the Fall of 1851, and was washed away by the freshet in the Spring of 1852, which was three feet higher than witness, who was an old resident, had ever seen it. The labor and materials furnished by defendant, about the building, aside from those got by the plaintiff, were proved to have been worth from ten to fourteen hundred dollars.

Verdict and judgment for plaintiff for $629 39. Motion for new trial overruled ; and defendant appealed.

It did not appear what, if any, instructions were given. There was a bill of exceptions by the defendant as follows :

Plaintiff offered to read as a part of petition, a paper purporting to be an exhibit, and defendant objected to the reading of the said exhibit, or bill of particulars, for reasons that the paper was not marked filed, nor was it joined to said petition,

which objection being overruled by the Court, the defendant excepted to the ruling of the Court.

Plaintiff offered to read in evidence to the jury the deposition of Rogers, and defendant objected to the reading the first and second answers of said Rogers, for reasons that they were hearsay testimony, and not relevant to the case, which objection being overruled by the Court, defendant thereupon excepted.

The first, second and third interrogatories to Rogers, and his answers thereto, were as follows :

1st. Are you acquainted with the parties to this suit ?

Ans.—I am.

2d. Please state if Gen. Waul did not examine a mill built by James Hardie for Judge Wm. Ragland, near Victoria, on a peculiar plan, of which Mr. Hardie claims to be the inventor and patentee ? And if yea, then state if Gen. Waul expressed himself as pleased with the machine and its construction, and generally how he expressed himself in relation to it ?

Ans.—To my best recollection, I did not accompany Gen. Waul to examine the mill of Wm. Ragland. Dr. John Ragland informed me that he accompanied Gen. Waul at the time he went to examine the mill of William Ragland. Upon his return from the mill to Victoria, Gen. Waul expressed himself well satisfied with the workmanship and machinery.

3d. Were you or not present at the interview between Mr. Hardie and Mr. Waul, and, if yea, state what took place at said interview, relative to Mr. Hardie's building a similar mill or machinery for him at his place in Gonzales county ?

Ans.—My recollection is indistinct about the interview, but it is impressed upon my memory that Gen. Waul was very solicitous, and expressed himself so to me, to get Mr. Hardie to go and build a mill for him upon the same plan at the earliest period he could.

The defendant requested the Court to give the following instructions to the jury :

Waul v. Hardie.

That every man, who contracts to do work, is obligated to do it in a good workmanlike manner; and if, from the want of the exercise of proper skill, the work prove worthless, he is entitled to nothing for the work.

If a workman is employed to do work and, from the unskillful manner in which the work is done, damage result to the other party, the workman is responsible for it.

Which instructions the Court refused to give, and defendant excepted.

*Parker & Nichols*, and *J. C. Wilson*, for appellant.

*Cunningham*, for appellee.

WHEELER, J. It would have been more regular, had the Court caused the Clerk to enter the indorsement of the filing, upon the exhibit accompanying the petition, now for then, before permitting it to be read as a part of the petition (14 Tex. R. 327.) But the Court doubtless proceeded upon the principle of considering that as already done, which ought to have been done. The error complained of was, at most, but an irregularity in practice, and not of a character to require the reversal of the judgment.

There is little doubt that it was the intention of the defendant to object to the reading in evidence of the answers of the witness Rogers, to the second and third interrogatories. But the objection appears, by the bill of exceptions, to have been to the answer to the first and second. To the first there could be no valid objection, as it is simply as to the witness' acquaintance with the parties to the suit. But the objection to the answer to the second interrogatory, that it was irrelevant, appears to have been well taken. It is not perceived that the answer has any relevancy to the issues. It neither conduced to establish the contract, nor the fact, or manner of its performance. That the defendant may have ex-

pressed himself well pleased with other work done by the plaintiff, and that it may have been well done, did not conduce in any degree to prove that the work done for the defendant was executed in a like workmanlike manner. It was not legal evidence of the manner in which the work in question, had, in fact, been performed. A party has a right to have none but legal evidence submitted to a jury. And where that which is irrelevant has been admitted, against the objections of the party, if it may have had an improper influence upon the jury, it will require a reversal of the judgment. It would, perhaps, be too much for this Court to say, that the answer of the witness did not have such influence. But it is not necessary to express a definite opinion upon this point, as there is another ground upon which the judgment must be reversed ; that is, the refusal of the Court to give instructions asked bv the defendant.

It is not questioned that the instructions asked were correct in point of law. But it is said they had no proper application to the case,—were mere abstract propositions. We cannot so regard it. There was apparent conflict of evidence. Without intimating an opinion as to the preponderance or weight of evidence, (as the case will be remanded for a new trial,) it can not be denied that there was evidence tending to show that the work was not executed in a good and workmanlike manner ; and certainly an instruction, as to the legal effect of the want of the exercise of proper skill in performing the work, was not irrelevant, or inapplicable to the evidence.

Again, there was evidence conducing to prove that the defendant sustained damage, in consequence of the want of proper skill in performing the work ; and surely he had the right to have the jury instructed as to the law applicable to the evidence. The instructions refused were the undoubted law, as applicable to certain of the evidence in the case ; and the defendant unquestionably had the right to have the benefit of the instructions. They did not, of course, embrace all the law of

the case, but that was no reason for refusing them. Nor could the Court rightly refuse the instructions, on the ground, that the defendant had accepted and approved of the work. That was a question for the jury. It was for them, and not for the Court, to decide whether there had been such acceptance ; whether sufficient time and opportunity had been afforded the defendant to judge of the character of the workmanship, and whether he had accepted the work with a knowledge of its defects ; or whether, in his supposed approval and acceptance of it, he was laboring under a deception, or mistaken opinion of its capabilities, occasioned by the manner in which the attempted test had been applied, and without having had sufficient time and opportunity to ascertain its deficiency. The evidence of the supposed acceptance of the work is furnished by the defendant's letter and conversations, shortly after the machinery was put in motion. At that time he appears to have been well satisfied with it, and sanguine as to its performance. But if the witnesses are to be credited, he must have entertained very mistaken opinions. Whether he had had sufficient opportunity to test it and judge of its capabilities. or had been deceived, and induced to believe that it would answer a much better purpose than it proved to be capable of answering, were questions to be considered, in order to determine what effect, if any, was to be given to his approval or acceptance of the work ; and they were questions for the decision of the jury. It would have been proper for the Court to instruct the jury as to what would be the evidence and effect of an unqualified acceptance of the work ; leaving them to decide upon the fact. But the Court could not assume the fact as conclusively established, before it was found by the jury, and make it the ground of refusing proper instructions upon the other questions in the case.

We are of opinion that the Court erred in refusing the instructions asked by the defendant ; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.