**WESCO PRODUCTION COMPANY et al.,**
Appellants,

v.

**BIRDWELL & SON DRILLING COMPANY, Appellee.**

No. 3422.

Court of Civil Appeals of Texas. Eastland.

Jan. 9, 1959.

Rehearing Denied Feb. 6, 1959.

Edmund C. Yates, Abilene, for appellants.

H. O. Woodward, Coleman, for appellee.

WALTER, Justice.

Birdwell & Son Drilling Company filed suit on a drilling contract alleging they furnished materials, supplies and services in drilling an oil well known as Farmer No. 1 in Coleman County and recovered judgment against Wesco Production Company, J. D. Perry, Jr., trustee, Jack Stroube, M. M. Feld, Horace Hawkins, Ray Grisham, E. F. Smith, Harry Fulwiler, Mrs. M. R. Quarles, individually and as community survivor of the community estate of herself and her deceased husband, M. R. Quarles, and Odell C. Herman and wife, Mrs. Odell C. Herman for $11,196 and for foreclosure of its mechanic's lien on property described in Volume 10, page 571, of the mechanic's lien records of Coleman

County. The defendants stipulated the plaintiffs were entitled to recover except as precluded by matters in avoidance and by their cross-action. The defendants filed a cross-action against the plaintiffs alleging that the plaintiffs were negligent in drilling the well. The cross-action was submitted to the jury, which found against appellants.

The defendants have appealed from said judgment on nine points of error. The first point asserts the court erred in refusing to grant a new trial because the jury's answer to the first special issue was against the great weight and preponderance of the evidence. Said issue asked the jury if Birdwell had defective and inadequate brake blocks on its rig at the time the core was taken on the well in question, to which the jury answered in the negative. Plaintiff H. A. Birdwell, while testifying, answered questions pending objections, interrupted defendants' objections and said, "It is not immaterial to me", testified about his difficulty in collecting from Wesco's manager, Hughes, and testified to the effect that Hughes was trying to beat plaintiff out of his money. Appellants have five points of error on these matters. Two of appellants' points of error are directed to the alleged improper argument of counsel for appellee. Appellants' ninth point alleges the jury's answer to special issue number 4 was against the great weight and preponderance of the evidence. Said issue asked the jury if defendants sustained any damage to the producing capacity of their well as a proximate cause of the core barrel becoming stuck. This issue was answered in the negative.

■ Appellants contend, and we agree, that the rule to be followed by this court in deciding points one and nine is one quoted in our opinion in McDaniel v. Rose, Tex.Civ.App., 315 S.W.2d 368, 377 (RNRE), wherein we said: "Our Supreme Court says: 'The question requires the Court of Civil Appeals, in the exercise of its peculiar powers under the constitution and Texas Rules of Civil Procedure Nos. 451, 453, and 455, to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust—this, regardless of whether the record contains some "evidence of probative force" in support of the verdict.'"

After going to the well site at the request of Mr. Hughes, Birdwell testified: "A. He requested me to meet him at the well site over the phone. I talked to him on the phone here at Coleman, which he had been promising to pay me this money; and I got up there, why, he said, 'Birdwell,' he said, 'I don't have it all for you, but', he says, 'I have part of it,' and he says, 'I will have the rest of it in three days.' He said, 'I have received your invoice, looked it all over.' He said, 'Everything is OK; no trouble,' he said, 'You done a good job.' Now, that's what he told me." Hughes testified he remembered meeting Birdwell at the well site to make a partial payment of $6,000 and did not deny that he made such statements to Birdwell, but said he did not remember making them. We do not deem it necessary to burden this opinion by quoting or narrating all the evidence pertinent to issues one and nine, but we have considered it and we are unable to say the jury's answers to said issues were against the great weight and preponderance of the evidence.

■ After testifying that Hughes had promised to pay him within ten days after he completed the well and that such promise was made at the time the written contract was signed, counsel for appellants made an objection and Birdwell then voluntarily said: "Well, he told me that anyway, counsellor." At this time the court was considering appellants' first objection and after giving appellee's counsel an opportunity to be heard, the court sustained appellants' objection. Said remark was not

reasonably calculated to cause and did not probably cause the rendition of an improper judgment. Rule 434.

We cannot sustain appellants' point three which complains of the conduct and statements of Birdwell while testifying. Birdwell was asked what his purpose was in calling Hughes, and he replied, without objection, "Well, just to put it in my way of talking, I was begging him for some money so I could pay my bills that I had incurred in drilling this well, buying bits, fuel, paying labor and all that kind of stuff." Birdwell was then asked, "And what was his reply to you?", and he answered, "Every time I'd talk to him, He'd give me a long story about his partners hadn't come through, one of them, or something like that. One time he had one of them going to California and back.", after which the following took place, "(Counsel for appellant) If the Court please, I think that is immaterial—. The Witness: It's not immaterial to me. (Counsel for appellant)— and irrelevant; and I would request the Court to instruct this witness to quit making voluntary statements when I am making an objection. The Court: The witness will just answer the question."

By their point of error number four appellants complain about the action of the court in not sustaining their objection to Birdwell's testimony as to his need for money and his difficulty in collecting from Hughes. When asked, "What was your purpose in calling him", Birdwell replied: "Well, just to put it in my way of talking, I was begging him for some money so I could pay my bills that I had incurred in drilling this well, buying bits, fuel, paying labor and all that kind of stuff." No objection was made to this question or this answer and no request was made for the Court to instruct the jury not to consider it. Appellants' point number five complained about the failure of the court to instruct the jury not to consider the testimony of plaintiff Birdwell as to his need for money and his difficulty in collecting same from defendants. We fail to find in this record where any such request was made. By their point number six appellants complain about the testimony of Birdwell when he expressed his opinion as a witness to the effect defendant Hughes was trying to beat him out of his money. No objection was made to this testimony. We see no merit in appellants' points four, five and six and they are overruled. S. H. Kress & Co. v. Brashier, Tex.Civ.App., 50 S.W.2d 922; Pure Foods Products, Inc. v. Gibson, Tex. Civ.App., 118 S.W.2d 925.

By their point of error number seven, appellants complain about the argument of appellee's counsel. Some of the argument objected to is as follows: " * * * and Mr. Birdwell got to pressing him for the money and he was worried about it. He needed the money and he had it coming to him." " * * * and, incidentally, we don't apologize for asking for our money. Birdwell & Son Drilling Company paid for the labor on that rig, they paid for the fuel, and they paid for all the supplies, and they had to have their money * * *." By their point of error number eight they complain about the argument wherein they assert appellee's counsel, in effect, told the jury the effect of their answers. Substantially, the argument was that no one was contesting the claim of plaintiffs and that the only issue submitted related to defendants' cross-action; that he had come into court with a claim against defendants for something over $10,000 because they hadn't paid their bills. He further argued that plaintiffs now found themselves "defending certain charges of negligence" which issues counsel asked the jury to answer "no". The bill of exception containing the argument was qualified by showing that no objection to any portion of said argument was made and it was not brought to the attention of the court until appellant filed his motion for a new trial. It was further qualified by setting out some of the argument of appellants' counsel which appellee contends provoked and invited his argument. The substance of appellants' argu-

ment was that appellee had three drilling rigs, had been in the drilling business quite awhile and that they were very impatient because they did not get their money in a hurry when they got through. He further states, "He had a right if it was owing to him, of course, to get his money."

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 599.

Associate Justice Sharp of the Supreme Court, in the case of Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054, 1055, has restated the various general rules on this subject, saying that, "Where the argument of counsel is so prejudicial or inflammatory that no instruction from the court would cure the error, the duty does not rest upon opposing counsel to object to the argument and request the court to instruct the jury not to consider same * * *. If the argument is of such a nature or is made under circumstances that if objection is made at the time, so that counsel can offer an explanation or make such corrections as will make such argument proper or harmless, or if the argument is of such a nature that its withdrawal by counsel or instruction by the court to the jury to disregard same will cure error and render the effect of the argument harmless, the complaining party must object to such argument and request the court to instruct the jury not to consider same; and failure so to do waives the error."

When we consider the testimony of Birdwell that was received in evidence without objection, which we have quoted above, to the effect that he called Hughes and begged him for some money so he could pay his bills that he had incurred in drilling the well, and the argument of appellants' attorney, we are unable to hold that the argument was improper or that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

We have considered all of appellants' points and find no merit in them and they are overruled.

The judgment is affirmed.