**RYDER TANK LINES, INC., Appellant,**

v.

**Harvey BENTLEY, Appellee.**

**No. 16688.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 17, 1965.

Rehearing Denied Jan. 14, 1966.

Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr., Dallas, for appellant.

Brown, Day & Crowley and M. Hendricks Brown, Fort Worth, and Jones, Fillmore, Robinson & Lambert and Ray Farabee, Wichita Falls, for appellee.

MASSEY, Chief Justice.

A question on appeal is whether or not the trial court erred in refusing to admit portions of a letter which was sent to the defendant wherein the plaintiff represented that the "damages" he had sustained by reason of a vehicle collision involving his truck-tractor, low-boy trailer, and D–6 caterpillar tractor were "approximately

$1500.00". The amount of damages awarded plaintiff because of injury to his equipment was $6,169.00, predicated upon the jury's answers to special issues posing inquiry as to values of his property immediately prior to and immediately subsequent to the collision. The excluded evidence was offered by the defendant, Ryder Tank Lines, Inc., during the course of its interrogation of the plaintiff, "* * * for the limited purpose, and for the only purpose of showing an admission against interest as to Mr. Bentley's admitted amount of damages."

■ Undoubtedly the theory under which the tendered evidence was excluded was that the letter, considered as an entirety, constituted an offer in compromise. Our holding is that it did not qualify as such. Under general rules applicable in Texas as in the majority of the states the tendered portions of the letter should have been received as admissions against interest, even though a mixed question of law and fact was involved and despite the fact that the plaintiff would not have been qualified to testify as to his conclusions of any monetary amount as "damages" flowing from the collision. See 118 A.L.R. 1230, Annotation: "Admissibility as against interest of statement or report made out of court regarding accident as affected by the fact that it relates to or includes matters of opinion or conclusion", and in particular the Texas cases therein annotated (and those subsequently cited in A.L.R. Bluebook of Supplemental Decisions). See also 86 A.L.R. 1449, Annotation: "Opinion evidence directly as to the ultimate question of the amount of damage to property".

■ However, though we are convinced that the tendered evidence was erroneously excluded, it does not follow that such amounted to reversible error. A test of reversibility in such a situation falls within the provisions of Texas Rules of Civil Procedure 434. To be reversible error it must appear that the erroneous exclusion of evidence was reasonably calculated to cause and probably did cause the return of an improper verdict and the rendition of an improper judgment in the case. On this question the writer, speaking for a majority of the court, wrote at length in the case of Maddox v. Gulf, Colorado & Santa Fe Railway Co., 293 S.W.2d 499, 503 (Fort Worth Civ.App., 1956, writ ref., n. r. e.). At page 508 of the opinion Justice Boyd wrote a vigorous dissent pointing up the question here involved. It is one with which appellate courts have long struggled, particularly as applied to situations in which erroneous exclusion of testimony may operate to defeat a purpose of cross-examination.

■ In our test of reversibility under T.R.C.P. 434, we are not convinced that in all reasonable probability the jury returned a verdict other than that which it would have returned had it received the benefit of the evidence which was excluded.

Judgment is affirmed.