**C. A. JONES, Appellant,**

v.

**Homer SMITH d/b/a Homer's Mobile Homes et al., Appellees.**

**No. 17187.**

Court of Civil Appeals of Texas, Fort Worth.

March 26, 1971.

Rehearing Denied April 30, 1971.

Schenk & Wesbrooks, and Perry Wesbrooks, Wichita Falls, for appellant.

White, McElroy & White, and Jack D. Sides, Jr., Dallas, for appellees.

## OPINION

LANGDON, Justice.

In this suit the plaintiff seeks recovery for personal injury and property damage arising out of a collision between his automobile being driven by him and a mobile home unit owned by Homer Smith and being operated by Robert B. Smith. The collision in question occurred at about 1:00 P.M. on September 17, 1969. The weather was clear and dry.

The case was tried to a jury which found the plaintiff guilty of two acts of contributory negligence, i. e., failure to make proper application of his brakes and failure to keep his vehicle on the far left side of the roadway and that such failure in each instance was a proximate cause of the collision in question. The jury also found that the collision was not the result of an unavoidable accident.

Based upon such verdict the court rendered a take nothing judgment against the plaintiff. This appeal is from such judgment on thirty-one points of error.

We affirm.

■ The transcript does not contain any showing that timely objections were made to the charge in the manner prescribed by the Rules of Civil Procedure. The objections to the charge and requests for special issues and instructions contain no dates or endorsement or the official signature of the court reflecting action thereon by it. The record fails to disclose any compliance with Rules 272, 273 and 276, T.R.C.P. We find and hold for these reasons that plaintiff waived all points based upon his objections to the charge and requests for special issues, definitions and instructions.

With the exception of points 9 and 24, which will be later discussed by us, the remaining points urged by the plaintiff relate to no evidence and insufficient evidence complaints attacking various findings of the jury.

Plaintiff sought to impose liability on defendants on the grounds that they were guilty of negligence that proximately caused his injuries. The jury made one finding of primary negligence and proximate cause against the defendants.

We have concluded that if the jury findings of either one of the two acts of contributory negligence and proximate cause are supported by the evidence it is wholly immaterial as to whether the other issues complained about have support in the evidence. This is so because regardless of the findings to other issues the judgment of the trial court would remain the same since contributory negligence is an absolute defense to the cause of action here involved. 40 Tex.Jur.2d 602 and authorities there cited.

■ We have carefully reviewed the entire record in this cause. It is apparent that all of the issues involved were vigorously contested. There was evidence both ways on all questions. Such evidence would have supported findings either for or against the plaintiff on the contributory negligence issues as well as the other issues presented. The jury resolved such issues against the plaintiff. There is ample evidence in support of such findings and such findings are not against the great weight and preponderance thereof. We find and hold this to be true as to all findings made by the jury.

■ This brings us to point 9 by which the plaintiff urges error in overruling his objections to the action of the attorney for the defendants in questioning an officer from a book entitled "Brake Dynamics" and in demonstrating such book in the presence of the jury and offering same into evidence.

Our review of the record reflects that the plaintiff's objection that proper predicate had not been made was sustained by the court, that thereafter plaintiff's attorney withdrew his objection, and the Brake scale contained in the book was admitted without objection. The interrogation of the officer was limited to the Brake scale. This was the only excerpt read from the book and the book was not demonstrated to the jury. The point is overruled.

■ By point 24 the plaintiff contends the court erred in its failure to grant him a new trial because of the alleged prejudicial action on the part of counsel for defendants when he testified during the trial. The only testimony complained of was elicited by plaintiff's own counsel on cross-examination. No objection was made to the initial testimony offered by defendants' attorney or to any of the answers on cross-examination. No request was made of the trial court to instruct the jury concerning the testimony complained of. No motion for mistrial was made.

In such matters it must be shown that a proper objection or request was timely made and the error, if any, be preserved by proper and timely exception. This was not done. The point is overruled.

All points are overruled and the judgment of the trial court is affirmed.