**William A. SWINNEY, and William A. Swinney, Inc., Appellants,**

v.

**Walter L. WINTERS, Jr., Appellee.**

No. 15374.

Court of Civil Appeals of Texas, San Antonio.

Dec. 31, 1975.

Rehearing Denied Jan. 28, 1976.

Dibrell, Dotson & Dibrell, Edward R. Woolery-Price, San Antonio, for appellants.

Luther E. Rutherford, San Antonio, for appellee.

KLINGEMAN, Justice.

Appellants, William A. Swinney and William A. Swinney, Inc., hereinafter called "Swinney," appeal from an adverse judgment awarding appellee, Walter L. Winters, Jr., hereinafter called "Winters," damages in the sum of $22,640.00 in a suit pertaining to the construction and sale of a house and lot by Swinney for Winters. Trial was to a jury who found, in answer to the only special issues submitted, (1) that Swinney had not completed the construction of the house in accordance with the plans and specifications on or about March 1, 1973; (2) that on or about March 1, 1973, subject only to such completion of construction, Winters was ready, willing, and able to close the deal as buyer of such residence and lot; (3) that the market value of the residence and lot on or about March 1, 1973 was $70,000.00.

Winters is an architect and Swinney builds and sells homes. Winters desired to build a home for himself and had prepared some plans but was looking for a desirable lot. Winters found a lot, which was owned by Swinney, which he deemed suitable. Winters tried to purchase such lot but was told by Swinney that he would not sell the lot unless Swinney built a house on it. After some negotiations, Winters and Swinney entered into a contract dated February 15, 1972, in which they agreed that Swinney would construct a residence on the lot according to certain agreed plans and specifications prepared by Winters, and would sell and convey such property to Winters for a consideration of $49,370.00 with the deal to be closed within 130 days. Winters put up $5,000.00 earnest money. It appears from the record that considerable delay thereafter ensued. Swinney contends that the delay was caused by Winters' changes in house plans, weather problems, and some unusual features in the house; while Winters contends that, basically, the delay was the fault of Swinney. In any event, several extensions of time were agreed to and Swinney and Winters also agreed to an additional $3,000.00 consideration to cover Winters' changes. Finally, according to Winters, Swinney told him that the house could be completed in a week or two and that he could go ahead and schedule a closing date, and February 22, 1973 was agreed to. On February 20, Winters went by the house and was of the opinion that it could not be completed in two more days. He then called Swinney, who somewhat reluctantly agreed to change the closing date to March 1. On February 28, Winters visited the site, and according to Winters, a large number of things were yet to be done. He

called Swinney again and told him that he would not close until they were completed. Swinney said that he was tired of messing with the house, and that if Winters didn't want to close the sale, he would sell it to someone else. Swinney put up a for-sale sign on the lot, a realtor noticed it, found out the sale price, and immediately sold it to a customer. The sale price was $62,500.00.

Swinney asserts 21 points of error which can be broken down into the following categories: (1) points of error with regard to the pleadings; (2) points of error complaining of the admission or exclusion of certain testimony; (3) a point of error complaining of certain remarks made by the trial court; (4) points of error complaining of the failure of the court to submit certain special issues; (5) points of error pertaining to the award of damages; (6) error of the trial court in denying Swinney judgment non obstante veredicto.

## PLEADINGS

Swinney's first point of error complains that the trial court erred in overruling his motion to strike pleadings because the first paragraph of Winters' first amended petition is a paraphrasing and restatement in different language of the same paragraph previously ordered stricken by the court. In this connection, he asserts the amended pleading was filed within seven days of the date of trial without leave for filing first being obtained, in violation of the rules of civil procedure.

■ This point is without merit and is overruled. Rule 63, Tex.R.Civ.P., pertaining to amendments of pleadings, has been given a liberal interpretation by our courts and the rule itself provides that leave *shall* be granted by the judge unless there is a showing that such amendment would oper-

ate as a surprise to the opposite party. Swinney's motion to strike the pleading does not contain an allegation of surprise. Swinney has not asserted here any surprise or prejudice; and therefore, any irregularity of failure to comply with the rules of civil procedure was cured by the trial court's action in considering the amended pleading. *Consolidated Furniture Company v. Kelly*, 366 S.W.2d 922 (Tex.1963); *W. C. Turnbow Petroleum Co. v. Fulton*, 145 Tex. 56, 194 S.W.2d 256 (1946); *Lucas v. Hayter*, 376 S.W.2d 790 (Tex.Civ.App.—San Antonio 1964, writ dism'd).

■ Moreover, the record here does not show whether leave was had or not and since the amended petition was considered by the court, leave is presumed. *U. S. Letter Carriers Mutual Benefit Association v. Sypulski*, 364 S.W.2d 840 (Tex.Civ.App.— Ft. Worth 1963, no writ). Swinney's point of error number one is overruled.

By his 12th point of error, Swinney urges that the judgment entered exceeds the relief sought by Winters, and that the prayer is deficient in several respects.[1]

The thrust of Swinney's contention in this regard is that the prayer is not specific enough to determine the relief sought. An examination of the petition on which Winters went to trial discloses that he seeks damages on two alternate theories: (1) damages for false and fraudulent conduct of Swinney in an amount in excess of $100,000.00; (2) in the alternative, damages for wrongful breach of contract, under which he asserts that because of such wrongful breach of contract, he is entitled to recover the difference between the reasonable market value of the property, which he alleges to be $85,000.00, and the contract price.

■ It is clear that the jury's award was based on damages for breach of contract.

---

1. The prayer complained of is as follows: "WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to answer and appear herein and that upon final hearing hereof he recover each and all of his hereinbefore alleged damages togeth-

er with interest thereon at the maximum rate provided by law, all costs of suit in this behalf expended, and all such other and further relief, both general and special, at law or in equity to which Plaintiff may show himself justly entitled."

The judgment awarded Winters damages in the amount of $22,640.00. The jury found the market value of the property to be $70,000.00. An earnest money payment of $5,000.00 was made by Winters. The parties agreed on an additional consideration of $3,000.00 for extras.

$70,000.00 — Jury finding of market value
− $49,370.00 — Contract price
$ 5,000.00 — Partial payment or earnest money
− $ 3,000.00 — Additional consideration for extras
$22,630.00 — $10.00 less than judgment awarded by court

Apparently a typographical error of $10.00 was made in typing the judgment, and the court's award should have been $22,630.00 instead of $22,640.00.

As it can be ascertained from the entire pleadings, the relief and damages sought by plaintiff, the pleadings are sufficient to authorize the judgment entered.

### ADMISSION AND EXCLUSION OF TESTIMONY

By two points of error Swinney complains that the trial court erred in: (a) permitting opinion testimony of plaintiff's witness, Slater, as to the market value of the property because such opinion testimony constitutes secondary evidence, and the market value was conclusively established as matters of law by testimony which showed that the house and lot were actually sold to a third party for $62,500.00; (b) permitting testimony by Winters as to the market value of the house and lot because (1) his opinion was secondary evidence, (2) was self-serving, (3) was not based upon knowledge of sales in the area or other real estate values.

Swinney testified that the house and lot were sold to a third party for $62,500.00. Slater, a licensed real estate broker and realtor, testified that the fair market value of the property involved as of March 1, 1973 was between $70,000.00 and $80,000.00; that he had inspected the property, and had also checked some comparables. The only objections to his testimony were (a) that he

was not qualified as a licensed appraiser; (b) an objection to the inclusion of the date—March 1, 1973; (c) an objection that such testimony was a comment on the weight of the evidence; (d) an objection to his testimony as to comparable sales, because it is not shown that it was related to this specific house. All such objections were overruled. It is to be noted that there was no objection to the testimony on the ground that it was not the best evidence, or that it was secondary evidence, which is the only thing complained of in Swinney's point of error. Swinney makes no complaint on the appeal as to the matters on which his objections were based.

With regard to Winters' testimony, Winters testified that he is an architect and that it is a part of his training and duties to prepare construction costs. It is further evident from his testimony that he is familiar with the area and the particular house here involved. Winters further testified that he estimated the cost of the house and land right at $70,000.00 as of February 1972, and that he secured other bids on the construction and that they were in line with his estimate. Defendant's objection to such testimony on the grounds of its relevancy was overruled. Winters also testified that the fair market value of the property as of February 15, 1972, was approximately $70,000.00 and as of March 1973, approximately $85,000.00. There was no objection to this testimony.

As a general rule, the failure to make a timely and proper objection to proffered evidence will prevent a party from subsequently complaining on appeal of its admission by the trial court. *State v. Landers*, 377 S.W.2d 777 (Tex.Civ.App.—Tyler 1964, no writ); *Wesco Production Company v. Birdwell & Son Drilling Company*, 320 S.W.2d 411 (Tex.Civ.App.—Eastland 1959, no writ); 23 Tex.Jur.2d—Evidence, Section 208, p. 320. Even if the testimony elicited on examination is improper, no error was committed by the trial court where counsel did not properly object, did not obtain a

ruling by the trial court at the time it was offered, and did not ask the court to instruct jury not to consider such testimony. *McKenzie v. State,* 383 S.W.2d 177 (Tex.Cr. App.1964); *Royal v. Cameron,* 382 S.W.2d 335 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.).

Swinney's points of error as to the erroneous admission of testimony are overruled.

By his fourth, fifth, and sixth points of error, Swinney complains that the trial court erred in excluding certain testimony of defendant's witnesses, Shafer and Hetherington, because such testimony would (a) support and corroborate Swinney's testimony that he warranted his houses and honored these warranties; (b) support and corroborate Swinney's testimony that it is impossible to complete a home in every detail, and that every home requires some work after closing; (c) establish Swinney's reputation as a builder.

■ Hetherington testified that Swinney had built a house for him. He was asked about the condition of the house at the time of closing. Objection was made and sustained that a house which Swinney may have built for Hetherington has no relevancy or bearing on this case. Hetherington then testified that he considered Swinney a man of his word. An objection that the question calls for a conclusion based on facts not in evidence, that no proper predicate had been laid, and that it was based on hearsay, was sustained. He was then asked whether, in his dealings with Swinney, he had ever made any statements regarding what he could do with this house. Objection that this was hearsay was sustained. We think the objections were properly sustained. Some of the proffered testimony was hearsay and most of it pertained to other matters which had no bearing on this case. As a general rule in Texas, evidence of this character as to transactions between a party to the suit and a third party are inadmissable. *Waul v. Hardie,* 17 Tex. 553 (1856); *Beckner v. Barrett,* 81 S.W.2d 719 (Tex.Civ.App.—Dal-

las 1935, writ dism'd); *Davidson v. Swanson,* 24 S.W.2d 776 (Tex.Civ.App.— Beaumont 1930, no writ). The testimony excluded is irrelevant and immaterial to any issues in this case, and would shed no light on any material issue here involved.

■ The other excluded testimony complained of is that of witness, Shafer. Shafer is the staff appraiser for Richard Gill Company, which company deals in the financing of homes, and had previously worked for Alamo Savings Association. He testified that a finished house is one that is ready to move into, substantially complete as far as the things one looks for in a house. Plaintiff's objection as to the opinion and interpretation was sustained. He then asked what Alamo Saving's policy was and what criteria had to be met before they would agree to a loan. Plaintiff's objections that Alamo's loan policies were not involved and were not an issue in this case were sustained. We think that the objections were all properly sustained on the grounds hereinbefore set forth.

■ Moreover, nowhere in the record is there contained any bill of exceptions as to the excluded testimony of either Shafer or Hetherington. There is nothing in the record to show what such excluded testimony would have been. Error is not shown in the exclusion of evidence unless the appellant brings before the appellate court a record that shows clearly not only what the evidence would have been if admitted, but also its relevancy; and where an appellant excepts to a court's ruling excluding testimony of a witness, but does not go further and develop by bill of exceptions what the witness's answer and testimony would have been, no error on the part of the trial court is demonstrated. *LeNoble v. Weber, Hall, and Caudle, Inc.,* 503 S.W.2d 321 (Tex.Civ. App.—Tyler 1973, no writ); *Merrifield v. Seyferth,* 408 S.W.2d 558 (Tex.Civ.App.— Dallas 1966, no writ); *Gass v. Baggerly,* 332 S.W.2d 426 (Tex.Civ.App.—Dallas 1960, no writ); *Ex Parte Taylor,* 322 S.W.2d 309 (Tex.Civ.App.—El Paso 1959, no writ);

*Texas Associates v. Joe Bland Construction Co.*, 222 S.W.2d 413 (Tex.Civ.App.—Austin 1949, writ ref'd n. r. e.); Rule 372, Tex.R. Civ.P.

■■■■ No reversible error is shown with regard to the admission or exclusion of evidence.[2]

## COMMENTS OF THE COURT

■■■ By one point of error, Swinney complains that the trial court erred in making statements to plaintiff's attorney in the presence of the jury, which statements were directed toward questions asked by plaintiff's attorney, because the statements made by the court were comments by the court on the weight of the evidence.

During the cross-examination of Swinney, he was asked to look at plaintiff's exhibit number 10 and some questions were asked about such exhibit. The court interrupted and stated that according to his record such exhibit was not in evidence. Defendant's counsel then stated that whether material was in evidence or not is a responsibility of counsel and the court should not comment on its not being in evidence. Such point of error is without merit and is overruled. It was conceded by counsel for both parties that such exhibit was not in evidence. The court merely stated its true status. Such statement was not calculated to cause, nor could it cause, any harm or benefit to either party. Such statement is not a comment on the weight of the evidence.

## FAILURE TO SUBMIT ISSUES

By two points of error, Swinney complains that the trial court erred in not submitting to the jury special issues on estoppel, waiver, failure of consideration, sub-

stantial performance, and the contract price of the house and lot. Winters asserts that such points of error are without merit because such special issues were not properly submitted to the court, and no objection was made by Swinney to the charge as submitted.

The transcript contains some 23 proposed special issues, many of which have been stricken through and some of which have a notation thereon "not submitted." Such special issues consist of nine pages, en masse, with a file mark on the last page. None of such special issues have any notation thereon showing that they were ever presented to the court, or any action by the court thereon. The transcript contains an agreement of counsel to file such group of special issues, but includes the following order of the trial court:

> The Court qualifies the foregoing Agreement and the Order pursuant thereto in the following respects: The defendants' requested special issues were informally considered and discussed by the Court and counsel before the charge was prepared. The Court made no ruling on them, by endorsement or otherwise, except to indicate they were not acceptable. They were neither formally urged nor filed and the Court considered them abandoned.
>
> [s/s James A. McKay, Jr.]

The record contains no objections or exceptions to the charge as submitted.

■■■■ Swinney's points of error pertaining to the failure to submit special issues are not properly preserved for review under our rules of civil procedure. Any objection as to the failure to submit special issues is waived where the record contains no objections to the charges as submitted,

2. Any error in not admitting or excluding evidence becomes immaterial where evidence does not affect the verdict and judgment rendered; and to be reversible error, it must appear that erroneous admission or exclusion of evidence was reasonably calculated to cause and probably did cause the rendition of an improper verdict and judg-

ment. Rule 434, Tex.R.Civ.P.; *Gomez Leon v. State*, 426 S.W.2d 562 (Tex.1968); *Purvis v. Johnson*, 430 S.W.2d 226 (Tex.Civ.App.—San Antonio 1968, no writ); *Ryder Tank Lines, Inc. v. Bentley*, 397 S.W.2d 914 (Tex. Civ.App.—Ft. Worth 1965, writ ref'd n. r. e.).

and where the requested special issues contain no dates, endorsements, or official signature of the court reflecting the court's action thereon. *Steinberg v. Medical Equipment Rental Services, Inc.*, 505 S.W. 2d 692 (Tex.Civ.App.—Dallas 1974, no writ); *Jones v. Smith*, 466 S.W.2d 47 (Tex. Civ.App.—Ft. Worth 1971, writ ref'd n. r. e.); Epperson v. Berry, 466 S.W.2d 24 (Tex. Civ.App.—Houston [1st Dist.] 1971, no writ); *Bituminuis Casualty Corporation v. Jordan*, 351 S.W.2d 559 (Tex.Civ.App.— Waco 1961, no writ); *Ramsey v. Polk County*, 256 S.W.2d 425 (Tex.Civ.App.—Beaumont 1953, no writ); *Gowan v. Reimers*, 220 S.W.2d 331 (Tex.Civ.App.—Ft. Worth 1949, writ ref'd n. r. e.); *Barnett v. Barnett*, 206 S.W.2d 273 (Tex.Civ.App.—Austin 1947, no writ); Rules 272, 273, 274, 276, 277, Tex.R. Civ.P.

Moreover, the 23 special issues shown in the transcript are not separate, but en masse, and contain no notation, endorsement, or official signature of the court on any of them. The applicable rule of law is that requested issues and instructions are required to be submitted separately, and a party who does not follow this procedure, and makes a group request of a number of such issues cannot complain on appeal of their refusal by the trial court. Where one or more special issue requested en masse should not be given, the court is justified in refusing to give any of them. *Edwards v. Gifford*, 137 Tex. 559, 155 S.W.2d 786 (1941); *Sterling v. Tarvin*, 456 S.W.2d 529 (Tex.Civ.App.—Ft. Worth 1970, writ ref'd n. r. e.); *Griffey v. Travelers Insurance Company*, 452 S.W.2d 725 (Tex.Civ.App.— Amarillo 1970, writ ref'd n. r. e.); *Sunset Motor Lines v. Blasingame*, 245 S.W.2d 288 (Tex.Civ.App.—Dallas 1951, writ dism'd).

Swinney's points of error complaining of the failure to submit special issues are without merit and they are overruled.

## DAMAGES

By a number of points of error, defendant complains that the trial court erred in granting judgment against defendants in the sum of $22,640.00 because: (a) there is no indication by the court of the basis of that amount; (b) the prayer is insufficient to support such award; (c) the sum is grossly excessive; (d) such damages were not in the contemplation of the parties at the time they executed the contract; (e) plaintiff did not incur such minor expenses as it was his duty to do in order to prevent a breach; (f) the amount is remote, speculative and unjust; (g) there is no evidence to support the verdict and judgment; (h) the jury's answer to Issue No. 3 is against the great weight and preponderance of the evidence.

Defendant made no objections or exceptions to the court's charge as submitted, and in particular there is no objection whatsoever to the special issue on damages, or to the court's definition of market value. Rule 274, Tex.R.Civ.P. provides in part that a party objecting to a charge must point out distinctly the matter to which he objects and the grounds of the objection and that any complaint as to any instruction, issue, definition, or explanatory instructions, on account of any defect, omission or fault in pleading, shall be deemed waived unless specifically included in the objections.

In *Whitson Company v. Bluff Creek Oil Company*, 156 Tex. 139, 293 S.W.2d 488 (1956), appellant complained of a damage award for $8,000.00 as the market value of a one-eighth overriding royalty. Defendant's only objection as to the special issue submitting market value was that the issue did not inquire as to the proper measure of damages. No instruction was requested regarding the factors which the jury might consider in measuring market value. The Supreme Court said:

> If the market value as submitted was not the correct measure of damages, objection should have been made to the issue by Whitson Company, pointing out distinctly the grounds of its objections. Rule 274, Texas Rules of Civil Procedure. Having failed to do so, it cannot thereaft-

er be heard to say that the measure of damages as submitted was improper.

In *Howell v. Bowden*, 368 S.W.2d 842 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.), the court said:

For another reason we are of the opinion that the judgment for damages should not be reversed on the ground that the judgment is based on the wrong measure of damages. Appellant made no objection to the court's charge to the jury on the ground he here urges, or to the court's failure to submit any issues, or to the court's definition of intrinsic value. Under Rules 274 and 372(d), appellant waived any objections to the court's charge on the ground that it submitted the wrong measure of damages and will not now be heard to complain that the court's charge permitted the jury to find damages based on wrong measure. *Lloyds America v. Payne et al.*, Tex.Civ. App., 85 S.W.2d 794; *Iowa Mfg. Co. v. Baldwin et al.*, Tex.Civ.App., 82 S.W.2d 994, 999; *Parks v. Hines*, Tex.Civ.App., 68 S.W.2d 364, 368.

Appellant made no objection to the court's charge on the grounds he now urges and most of his points of error pertaining to damages have been waived.

■ Appellant's basic remaining complaint as to damages is that there is no evidence to support the jury's answer to Special Issue No. 3, and that the jury's answer is against the great weight and preponderance of the evidence. He argues that the testimony that the house sold for $62,500.00 establishes that amount as the market value as a matter of law. Appellant cites no cases holding that testimony as to the actual sales price of real property is conclusive of the market value and fixes its value as a matter of law. He does cite cases that it would be error to exclude testimony as to the actual sales price of the property, and that such testimony can be considered in determining the market value of the property. We have no argument with these cases and agree that such evi-

dence is pertinent evidence to be considered by the jury, but we do not agree that it is conclusive. There are other types of evidence which are properly admissible and which can be properly considered in determining the market value. Opinion evidence by persons qualified to testify is frequently used in determining market value. The evidence as to the sales price of the property can and should be considered, together with the other evidence before the jury, in determining the market value, as was done in this case. The record does not establish as a matter of law that the market value of the house is $62,500.00.

Swinney also contends that the jury's answer to Special Issue No. 3 is against the great weight and preponderance of the evidence. We have heretofore set forth some of the evidence regarding market value, but we will again summarize it. The evidence is undisputed that the property sold for $62,500.00. In addition, Slater, a licensed real estate broker and realtor, testified that he had inspected the property and had checked some comparables; and that the fair market value of the property in March of 1973 would be a low figure of $70,000.00 and a high figure of $80,000.00. Winters testified that as an architect, it was part of his duty to figure and make construction costs. He testified that his estimate of the cost of the property as of February 1972, was $70,000.00; and that he took bids on the construction of the house and that his estimate was in line with the bids received by him. He further testified that as of February 15, 1972, the fair market value of the property would be approximately $70,-000.00, and as of March of 1973, approximately $85,000.00.

The only other testimony as to the market value was by Mr. Flores, the real estate broker who sold the property. He testified he had sold homes in Oak Hills during the years of 1972 and 1973, and that the houses he sold were in the $50,000.00 to $65,000.00 price range. He testified he sold the property here involved for $62,500.00 and that he thought the maximum the house would

be worth would be $65,000.00 as a reasonable market value. He testified that the lots in Oak Hills are expensive. He testified that when he saw a "for sale" sign on the house, he called Swinney and asked permission to show the house, and that Swinney told him the price was $62,500.00. He further testified he sold the property on the same day that he saw the sign.

There was also testimony by Swinney that he was tired of messing with the house and needed the money; that he had over $50,000.00 invested in the property and he needed to get the funds to continue his construction business.

■ The rule is well established in this state that an appellate court will not disturb the finding of a jury on conflicting evidence where there is some evidence to support their verdict unless the verdict is so overwhelmingly against it as to shock the conscience or to show clearly that the conclusion reached was wrong, or was the result of passion, prejudice or improper motive. *Highsmith v. Tyler State Bank & Trust Company*, 194 S.W.2d 142 (Tex.Civ. App.—Texarkana 1946, writ ref'd); *Foley Brothers Dry Goods Company v. Settegast*, 133 S.W.2d 228, 234 (Tex.Civ.App.—Galveston 1939, writ ref'd).

■ Although there is conflicting evidence, we have concluded that the jury's answer to Special Issue No. 3 is not against the great weight and preponderance, and is sufficiently supported by the evidence.

Swinney also complains that the court erred in not granting his motion for judgment non obstante veredicto and that the pleadings and evidence establish his affirmative defenses of estoppel, waiver, and failure of consideration as a matter of law. We disagree.

■ To sustain an action of the trial court in granting a motion non obstante veredicto it must be determined that there is no evidence on which the jury could have made the findings relied on. In acting upon a motion non obstante veredicto all testimony must be considered in a light most favorable to the party against whom such motion is sought. Conflicts in testimony will be disregarded, and every reasonable intendment deducible from the evidence must be indulged in such party's favor. *Douglass v. Panama, Inc.*, 504 S.W.2d 776 (Tex.1974); *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547 (1962); *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194 (1952); *Marsh v. Orville Carr Associates, Inc.*, 433 S.W.2d 928 (Tex.Civ.App.—San Antonio 1968, writ ref'd); *Texas Employers Insurance Association v. Smith*, 235 S.W.2d 234 (Tex.Civ.App. —Galveston 1950, writ ref'd).

■ The evidence does not establish Swinney's affirmative defenses of estoppel, waiver, and failure of consideration as a matter of law, nor does the evidence establish that Swinney is entitled to a judgment as a matter of law.

■ The judgment awards Winters damages in the amount of $22,640.00. As hereinbefore indicated, the proper award should have been $22,630.00 instead of $22,-640.00.

The judgment is reformed so as to make the amount of the damages awarded $22,-630.00, and as reformed, the judgment is affirmed.