C. O. ABEYTA, Jr., Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

No. 8879.

Court of Civil Appeals of Texas, Amarillo.

May 15, 1978.

Rehearing Denied June 5, 1978.

Mark Smith & Associates, John Mann, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

ROBINSON, Chief Justice.

In this workers' compensation case, plaintiff challenges the legal and factual sufficiency of the evidence to support jury findings that his injury was not a producing cause of any total or partial incapacity. Plaintiff also contends that the trial court erred in admitting evidence that he received unemployment compensation benefits. Affirmed.

The evidence shows that plaintiff sustained injury on June 28, 1974, in the course and scope of his employment for W. D. Turner Construction Company, when the water truck he was driving overturned. Plaintiff alleged that this accident resulted in injury to his head, back, and leg, and caused headaches and blackouts.

Immediately after the accident plaintiff was taken to see Dr. Campbell, who testified that plaintiff complained of a knot on his head, pain in his left ankle and dizziness. Dr. Campbell had plaintiff admitted to the hospital for observation. During plaintiff's stay in the hospital all tests proved normal. When he was released from the hospital on July 1, 1974, he had no complaints of any nature. Dr. Campbell directed plaintiff to come to his office for a checkup the following week, but plaintiff never returned to see Dr. Campbell.

Several other doctors, who had examined plaintiff, testified at trial. One doctor testified that plaintiff's complaints were normal for a man 51 years old who had done manual labor all his life. Neurological and physiological examinations of plaintiff showed that he had no clinical abnormalities and there were no objective findings of injury. Although plaintiff was re-hospitalized on July 24, 1974, and received traction, pain medication, and muscle relaxants, the doctor who ordered the hospitalization conceded that plaintiff had normal flexion, extension, and lateral movement, and that there were no objective findings which would prevent plaintiff from performing manual labor.

■ After his July 1, 1974, release from the hospital, plaintiff returned to his job with Turner Construction Company, doing the same work he had done before the accident. Mr. Turner testified that plaintiff did not show up for work after one week back on the job, and gave no explanation or reason for leaving. Since that time plaintiff has worked for several employers. He has done painting and general carpentry, driven a truck hauling cotton, and since October 1975 he has been employed as a heavy equipment operator for Lamb County, Texas. Although such facts are normally not conclusive, the fact that plaintiff works and earns money after the injury may be considered by the jury in making its determination as to whether or not plaintiff sustained any incapacity. *Aguirre v. Pan American Insurance Company*, 417 S.W.2d 900 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.).

■ The extent and duration of disability caused by an injury are properly questions of fact for the jury. *Hawkins v. Aetna Casualty & Surety Company*, 355 S.W.2d 537 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n. r. e.). Plaintiff had the burden to prove the allegations of his claim by a preponderance of the evidence. By its negative answers to the special issues in question, the jury found that plaintiff had

failed to prove by a preponderance of the evidence that he sustained either total or partial incapacity as a result of the accident. *Goodpasture, Inc. v. S & J Farms, Inc.*, 528 S.W.2d 99, 102 (Tex.Civ.App.—El Paso 1975, no writ). The jury findings that the plaintiff failed to meet his burden of proof need not be supported by any affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973). Nevertheless, there is ample evidence to support the jury's failure to find that plaintiff sustained any total or partial incapacity. We conclude that plaintiff did not establish as a matter of law that his injury of June 28, 1974, caused either total or partial incapacity. Further, after consideration of all of the evidence we conclude that the challenged findings are not so against the great weight and preponderance of the evidence as to be manifestly unjust.

Plaintiff also contends that the trial court erred in admitting evidence that plaintiff had received income from unemployment compensation benefits. It is not clear from the record that plaintiff made timely and proper objection to the question concerning his receipt of such compensation. A party waives any objection to the admission of evidence and may not complain of such admission on appeal in the absence of timely and proper objection to the admission of such testimony in the trial court. *Swinney v. Winters*, 532 S.W.2d 396 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.). In any event we have considered the evidence complained of in the light of the record as a whole and do not find that any error in its admission was calculated to cause or probably did cause the rendition of an improper verdict. *See* 434, Tex.R.Civ.P.

Each of appellant plaintiff's points of error is overruled. The judgment of the trial court is affirmed.