**TEX–WASH ENTERPRISES, INC., et al.,
Appellants,**

**v.**

**ROBNA, INC., Appellee.**

**No. 5189.**

Court of Civil Appeals of Texas,
Waco.

Nov. 16, 1972.

---

Parnass, Clement & Cline, Irving, for appellants.

Touchstone, Bernays & Johnson, Jim E. Cowles, Dallas, Fillmore, Parish, Martin, Kramer & Fillmore, Wichita Falls, for appellee.

HALL, Justice.

This appeal is from a judgment rendered on a verdict that plaintiff-appellee recover $41,276.49 from defendants-appellants. Our disposition does not require a statement of the nature of the case nor a recitation of the evidence adduced on the trial.

Appellants come to this Court with nine points of error. In the first seven points they assert that, for sundry reasons, the trial court erred in overruling their motions for instructed verdict and judgment non obstante veredicto.

■ The record fails to show that appellants' motion for judgment was ever called to the attention of the trial court or acted upon by it. In this state of the record, nothing relating to the motion is presented for review. Barnett v. Woodland (Tex.Civ.App., 1958, writ ref., n. r. e.)

310 S.W.2d 644, 648; Conrad v. Judson (Tex.Civ.App., 1971) 465 S.W.2d 819, 825, petition for writ of cert. den., 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 582 (1972).

■ Complaint cannot be made of the *overruling* of a motion for instructed verdict without carrying the grounds in the motion forward as assignments of error in a motion for new trial. Rule 324, Texas Rules of Civil Procedure; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 891 (1960); Pioneer Casualty Company v. Blackwell (Tex.Civ.App., 1964, writ ref., n. r. e.) 383 S.W.2d 216, 218, citing many authorities. No mention is made in appellants' motion for new trial of their motion for instructed verdict or any ground upon which it was based.

■ Moreover, the record shows that the motion for instructed verdict was made and overruled at the close of appellee's proof, and that it was not urged again. Appellants did not choose to stand on the court's ruling, but proceeded to introduce evidence in support of their defenses. Under these circumstances, appellants waived any right to complain of the court's ruling on the motion. Jackson v. Jackson (Tex. Civ.App., 1971, writ ref., n. r. e.) 470 S. W.2d 276, 278, and the many authorities cited there.

■ Additionally, the assertions in appellants' third point of error that their motions for instructed verdict and for judgment notwithstanding the verdict were erroneously overruled because of factual insufficiency of the evidence are without merit. Those motions raise only "no evidence" questions. Rule 301, Texas Rules of Civil Procedure; Air-Conditioning v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422, 425 (1952); Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600, 603 (1953).

In their eighth point of error, appellants contend that the trial court erred when it refused to submit their requested issue no. 14 "in place of special issues nos. 23 and 24 which were submitted * * *." This point is based upon the 10th assignment of error in appellants' motion for new trial, which is as follows: "The Court erred in failing and refusing to submit requested Special Issues Nos. 1–11 and 14 as requested by these Defendants."

The basis for error set forth in appellants' ninth point is that the evidence is legally and factually insufficient to support the jury's answer to special issue no. 23. This point of error rests upon the 5th and 6th assignments in appellants' motion for new trial. They are:

"5. There is no evidence in the record to support the submission of, or the jury's answer to, Special Issues Nos. 1, 2, 3, 4, 5, 6, 8, 9, 11, 17, 18, 20, 21, 22, 23, 25, 26, 27.

"6. The evidence in the record is insufficient to support the submission of, or to support the jury's answer to Special Issues Nos. 1, 2, 3, 4, 5, 6, 8, 9, 11, 17, 18, 20, 21, 22, 23, 25, 26, 27."

The special issues complained about in assignments five and six include all but two of the issues that were answered by the jury. Nine of those issues each had nine sub-questions. Thus, in those two assignments in the motion for new trial, appellants complain that the evidence is not sufficient to support the answers made by the jury to 180 questions.

■ A motion for new trial shall specify each ground on which it is founded. Rule 320, Texas Rules of Civil Procedure. A ground of error not distinctly set forth in a motion for new trial, where (as here) a motion for new trial is required, shall be considered as waived. Rules 324 and 374, Texas Rules of Civil Procedure. Assignments five, six and ten in appellants' motion for new trial are too multifarious to meet the quality of specificity required by Rules 320 and 374, and therefore cannot serve as the basis for a point of error on appeal. Hudspeth v. Hudspeth (Tex.Civ. App., 1947, no writ hist.) 206 S.W.2d 863,

868; T. J. Service Co. v. United States Fidelity & Guaranty Co. (Tex.Civ.App., 1971, writ ref., n. r. e.) 472 S.W.2d 168, 170. Cf. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, 368 (1957).

Further, the record fails to show that a request for the submission of appellants' special issue no. 14, or that any exceptions or objections made by them to submitted issues nos. 23 and 24, were ever presented to or acted upon by the trial court. The complaints made in appellants' eighth point of error are therefore waived. Parr v. Herndon (Tex.Civ.App., 1956, writ ref., n. r. e.) 294 S.W.2d 162, 164; Jones v. Smith (Tex.Civ.App., 1971, writ ref., n. r. e.) 466 S.W.2d 47, 49.

All of appellants' points are overruled. The judgment is affirmed.