**STATE of Missouri, Plaintiff-Respondent,**

v.

**Richard GANT, Defendant-Appellant.**

**No. 35426.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 19, 1974.

Motion for Rehearing or Transfer to Court En Banc or to Transfer to Supreme Court Denied April 8, 1974.

---

Brady, Brady & Devereaux, St. Louis, for defendant-appellant.

Thomas W. Shannon, Robert Hoffman, Stephen A. Moore, Dennis F. Kay, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction, in a court tried case, of a violation of Sec. 563.280, RSMo 1969, V.A.M.S., selling obscene matter. He was fined $300.

 Defendant raises three points. His contention that no specific finding of obscenity was made by the trial court was ruled by us recently in State v. Richardson, 488 S.W.2d 506 (Mo.App.1974) contrary to defendant's position. His attack on the "seizure" of the magazine is misplaced— there was no seizure, the policeman bought the magazine from defendant.

Defendant also contends scienter was not established. In State v. Richardson, supra, we outlined the rules of law respecting scienter in a case of selling obscene matter. Here the police officer selected from a rack a copy of the magazine "Ball Busters" which was encased in a clear plastic cover. He had inquired of defendant before selecting the magazine "Where the better magazines were and where the ones depicting males and females in the act of intercourse were." Defendant stated "Our best magazines are on that rack" indicating the one from which the officer selected the magazine. After making the selection the officer showed the front cover of the mag-azine to defendant and inquired "if the pictures inside the book were as good as the pictures on the front." Defendant stated "I don't know if all of them are as good as that picture."

The front cover depicted in color and close-up a woman successfully completing an act of fellatio. The pictures inside were of a similar nature. Defendant's examination of the front cover and his statements to the officer are sufficient to establish scienter.

Judgment affirmed.

CLEMENS and GUNN, JJ., concur.