**HORIZON PROPERTIES CORPORATION, Appellant,**

**v.**

**Jesus MARTINEZ, d/b/a Martinez Plumbing Company, Appellee.**

**No. 6379.**

Court of Civil Appeals of Texas, El Paso.

July 31, 1974.

Rehearings Denied Sept. 11, 1974.

Diamond, Rash, Leslie & Smith, Alan V. Rash, Larry A. Baskind, El Paso, for appellant.

Mark F. Howell, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

The defendant appeals from a judgment awarding the plaintiff $2,100.00 in this suit on account for labor performed and materials supplied and for attorney's fees. We reverse and render in part and affirm in part.

Plaintiff sued in the original amount of $7,579.00 for the balance due for installation of plumbing on a number of houses being constructed by the defendant and for $2,500.00 attorney's fees. Before trial, the defendant tendered into Court the sum of $6,054.00, and by request for admissions and discovery proceedings the balance of the claim was clarified, so that the parties went to trial on plaintiff's claims for the balance of his plumbing account on only two houses —one being in the amount of $203.17 and the other in the amount of $231.44—and the claim for attorney's fees was reduced to $2,000.00.

Defendant's point of error number I is that the Court erred in overruling its motion for an instructed verdict made at conclusion of the plaintiff's case, and its point of error number II is that the Court erred in overruling its motion for instructed verdict made at conclusion of the evidence by both parties.

Plaintiff takes the position that the defendant has waived these points of error in that it offered evidence after the motion had been overruled. The rule is that where the motion for instructed verdict is made at the close of the plaintiff's case, and it is not urged again, and the defendant elects to not stand on the Court's ruling but proceeds to introduce evidence in support of its defense, the motion is waived. Tex-Wash Enterprises, Inc. v. Robna, Inc., 488 S.W.2d 504 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.); Jackson v. Jackson, 470 S.W.2d 276 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n. r. e.); 3 McDonald, Texas Civil Practice § 11.25 (1970).

Thus, it appears that the defendant here waived its motion made at the conclusion of the plaintiff's case, but the record reflects that it re-urged such motion after both parties had rested. That motion is not waived, and we are of the opinion that the Court erred in not granting it.

Under the theory of recovery relied upon by the plaintiff, he had to prove the

work which he had performed and the materials he had furnished and that the defendant agreed to pay the amounts claimed therefor, or that such charges were reasonable and customary. Ron-Dell Associates, Inc. v. Texas Plywood and Lumber Co., Inc., 504 S.W.2d 922 (Tex.Civ.App.—Waco 1973, no writ). This the plaintiff did not do. He testified that he completed the plumbing work at both houses and that the amounts in question were still due. In addition, one of plaintiff's employees testified as to certain plumbing he had done at one of the houses. No evidence was presented to break his claim down to specific services performed or materials furnished and an agreed price or a reasonable value. Considering the evidence of both the plaintiff and the defendant in a light most favorable to the plaintiff under the rule that reasonable minds could not differ, a directed verdict was in order and should have been granted. Defendant's point of error number I is overruled, its point of error number II is sustained.

■ As indicated, the Court entered judgment for $2,100.00. This lump sum award was made without stating or indicating what amount of it was for the account and what amount was for attorney's fees. The trial Judge died one day before the time he was to file findings of fact and conclusions of law under Rule 297, Texas Rules of Civil Procedure. Thereafter, his successor filed findings of fact and conclusions of law. Defendant-Appellant contends the same were not timely filed. We are unable to agree with this position. Art. 2248, Vernon's Tex.Rev.Civ.Stat.Ann., provides that where the trial Judge dies before the time for approval or filing of the findings and conclusions, they may be approved or filed by his successor. Rule 18, Tex.R.Civ.P., provides for all pending motions to be continued following the death of a judge until his successor has taken office. While Rule 18 does not specifically name findings of fact and conclusions of law, we think the language is broad enough to include findings of fact and conclusions of law, so that they were timely in this case. In any event, the law is well settled that reversible error is not presented where the findings of fact and conclusions of law are signed and filed in time to be included in the transcript on appeal and the appellant is not prevented from making a proper presentation of his case on appeal, as in this case. Brown v. Brown, 500 S.W.2d 210 (Tex.Civ.App.—Texarkana 1973, no writ); Blair v. Blair, 434 S.W.2d 943 (Tex.Civ.App.—Dallas 1968, no writ). We perceive no error and the point is overruled.

■ The judgment of $2,100.00 was broken down in the findings of fact as being $203.17, plus $37.80 interest, for the amount due on account. And the amount found as a reasonable attorney fee was $1,859.03. Defendant contends the evidence is insufficient to sustain these findings. We have already disposed of the account by our finding that the trial Court should have instructed a verdict for the defendant as to that. Our conclusion is that there is ample proof to sustain the award of attorney's fees in the amount of $1,859.-03. The proof made by the plaintiff was that he had the case on a contingent basis of one-third of the amount recovered, and he proved the actual payment of $2,000.00 attorney's fee. There is no contention that he had not given notice thirty days prior to the payment by the defendant of the amount of $6,054.00, and that amount having been paid into Court by the defendant, it amounted to a recovery for labor performed and materials furnished under the provisions of Art. 2226, Tex.Rev.Civ.Stat. Ann. Plaintiff thus became entitled to attorney's fees, and the amount awarded by the Court was within the realm of the one-third of the amount recovered.

The judgment is reversed and judgment here rendered that plaintiff recover nothing of defendant as to its account. That portion of the judgment allowing attorney's fees in the amount of $1,859.03 is affirmed.