

IN THE
TENTH COURT OF APPEALS

No. 10-17-00260-CV

ESTATE OF MIRIAM MAE PHARRIS, DECEASED

From the County Court
Hill County, Texas
Trial Court No. 14,170

MEMORANDUM OPINION

In eight issues, appellant, Kathy Roux, challenges various decisions made by the trial court in favor of appellees, Dennis Pharris and Don D. Ford III dependent administrator of the estate of Miriam Mae Pharris, pertaining to the estate of Pharris. Because we cannot conclude that the trial court abused its discretion in this matter, we affirm.

I.    BACKGROUND

Roux filed several motions to substitute as counsel for Dennis Pharris, an alleged beneficiary of the Pharris estate, with the latest motion signed by all relevant parties and filed on September 1, 2016. The trial court granted Roux's motion on September 2, 2016,

thereby substituting Roux as Dennis's counsel. On September 12, 2016, Roux filed a motion to withdraw as counsel for Dennis. The trial court granted Roux's motion to withdraw on September 13, 2016.

Thereafter, on December 5, 2016, Roux filed an application for payment of attorney's fees, asserting that "she has rendered necessary and reasonable legal services on behalf of the Estate of MIRIAM MAE PHARRIS, Deceased . . . ." Accordingly, Roux requested $5,063.47 in attorney's fees from the estate.

On December 6, 2016, Ford, as dependent administrator of the estate, filed an objection to Roux's application for attorney's fees, arguing, among other things, that Roux did not provide legal services on behalf of the estate; rather, she provided legal services for Dennis, a person allegedly interested in the estate. As such, Ford contended that Roux should seek compensation from Dennis, not the estate.

Roux responded to Ford's objection, noting that she is entitled to attorney's fees from the estate under section 351.003 of the Estates Code and section 37.009 of the Civil Practice and Remedies Code because she was representing Dennis in his attempt to secure the removal of Ford as administrator of the estate. *See* TEX. ESTATES CODE ANN. § 351.003 (West 2014); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015). On December 16, 2016, Roux also filed an "Application for Emergency Intervention Regarding Funeral and Burial Expenses," arguing that emergency intervention of the trial court is necessary because the decedent's funeral and burial expenses were paid by

Wayne Knorr, who was not reimbursed by Ford as administrator of the estate. Roux sought $15,026 from the estate to reimburse Knorr, as well as her attorney's fees.[1]

On March 24, 2017, Ford, as dependent administrator of the estate, filed a motion for sanctions against Roux for bringing numerous frivolous pleadings in this case. Ford argued that Roux filed her application for attorney's fees on her own behalf, not on behalf of Dennis, and that she did not render necessary and reasonable legal services on behalf of the estate. Ford also argued that Roux is not entitled to any attorney's fees because she never filed any pleading seeking relief under section 351.003 of the Estates Code or a declaratory judgment under section 37.009 of the Civil Practice and Remedies Code. *See* TEX. ESTATES CODE ANN. § 351.003; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. Finally, Ford asserted that Roux's application for emergency intervention was improper because she did not enter an appearance on behalf of Knorr or purport to represent him in this proceeding. In fact, Kara Pratt represented Knorr in presenting his claim. Given the foregoing, Ford sought $2,500 in sanctions and $7,500 in attorney's fees under Texas Rules of Civil Procedure 10 and 13, as well as sections 9.011, 10.001, and 10.002 of the Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 10, 13; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.011, 10.001-.002 (West 2017).

---

[1] In fact, on February 22, 2017, Knorr filed an authenticated unsecured claim against the estate for $11,215.04 paid for funeral expenses for the decedent. On February 27, 2017, Ford filed a memorandum of allowance of unsecured claim, stating that Knorr's $11,215.04 claim against the estate is allowed in its entirety. The trial court approved Knorr's $11,215.04 claim against the estate as a Class 1 claim against the estate, to be paid out of the funds belonging to the estate, on February 28, 2017.

After a hearing, the trial court entered an order of sanctions against Roux on May 4, 2017. In its sanctions order, the trial court granted Ford's motion and found that "a sanction of $6,800 in attorney's fees that the Administrator incurred in responding to Roux's filings and in bringing this Motion, and that such amount is just and not excessive" and that an additional sanction of $2,500 is "proper and necessary to deter such conduct in the future, and that such amount is just and not excessive." This appeal followed.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her seventh issue, Roux contends that the trial court's failure to give her notice of findings of fact and conclusions of law prejudiced her and caused her harm. We disagree.

On May 4, 2017, the trial court entered its sanctions order in this case. Roux filed her request for findings of fact and conclusions of law eight days later on May 11, 2017. *See* TEX. R. CIV. P. 296 (noting that a request for findings of fact and conclusions of law should be filed within twenty days after the judgment is signed). Roux's request for findings of fact and conclusions of law contains a "REJECTED" stamp where the trial court was supposed to sign.

In light of the "REJECTED" stamp, Roux filed an amended request for findings of fact and conclusions of law on May 24, 2017. On the same day, the trial court filed a letter with the District Clerk acknowledging Roux's request for findings of fact and conclusions

of law and directing Ford to draft proposed findings of fact and conclusions of law "so that the Court may review, possibly adopt[,] or add to the same." Ford filed proposed findings of fact and conclusions of law on June 7, 2017, which were not adopted or signed by the trial court.

Because the trial court had not yet entered findings of fact and conclusions of law, Roux filed a notice of past due findings of fact and conclusions of law on June 12, 2017. Thereafter, on August 2, 2017, Roux filed her notice of appeal in this case. On October 12, 2017, the trial court entered its findings of fact and conclusions of law. *See id.* at R. 297 ("The court shall file its findings of fact and conclusions of law within twenty days after a timely request is made."). Roux filed her appellant's brief on March 23, 2018, after obtaining a copy of the Clerk's Record on February 15, 2018.

The Rules of Civil Procedure do not preclude a trial court from issuing belated findings. *See Robles v. Robles*, 965 S.W.2d 605, 610 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *see also United Heritage Corp. v. Black Sea Invs., Ltd.*, No. 10-03-00139-CV, 2005 Tex. App. LEXIS 1280, at *13 (Tex. App.—Waco Feb. 16, 2005, no pet.) (mem. op.).

> Unless they can show injury, litigants have no remedy if a trial court files untimely findings. . . . Injury may be in one of two forms: (1) the litigant was unable to request additional findings, or (2) the litigant was prevented from presenting his appeal. . . . If injury is shown, the appellate court may abate the appeal so as to give the appellant the opportunity to request additional or amended findings in accordance with the rules.

*Robles*, 965 S.W.2d at 610; *see Beard v. Beard*, 49 S.W.3d 40, 52 (Tex. App.—Waco 2001, pet. denied) (noting that a party suffers an injury from a refusal to file findings of fact and

conclusions of law "when the circumstances of the case require her to guess the reason or reasons the court ruled against her"). A trial court may file additional findings even after it loses plenary power to affect the judgment. *Robles*, 965 S.W.2d at 611. The failure to request additional findings and conclusions constitutes a waiver on appeal of the trial court's lack of such findings and conclusions. *Id.*

Based on our review of the record, we are not convinced that Roux suffered harm by the untimely entry of findings of fact and conclusions of law in this case. First, the findings of fact and conclusions of law articulate the reasons for the trial court's sanctions order, thereby undermining any argument that Roux would have to guess the reason or reasons the court ruled against her. *See Beard*, 49 S.W.3d at 52. Additionally, Roux admitted that she discovered the untimely findings of fact and conclusions of law when she requested the Clerk's Record on February 15, 2018. She had more than a month to prepare her brief in this matter, which negates any argument that she was unable to adequately present her case to this Court. *See Horizon Props. Corp. v. Martinez*, 513 S.W.2d 264, 266 (Tex. Civ. App.—El Paso 1974, writ ref'd n.r.e.) ("In any event, the law is well settled that reversible error is not presented where the findings of fact and conclusions of law are signed and filed in time to be included in the transcript on appeal and the appellant is not prevented from making a proper presentation of his case on appeal . . . .").

To the extent the Roux asserts that she was harmed by an inability to request additional findings of fact and conclusions of law, we note that, when she obtained the Clerk's Record and discovered the findings of fact and conclusions of law, Roux did not request that this Court abate the appeal and remand the case to the trial court with instructions to prepare additional findings of fact and conclusions of law. The failure of Roux to take this action waives any complaint about her inability to request additional findings of fact and conclusions of law. *See Robles*, 965 S.W.2d at 611. Accordingly, we overrule Roux's seventh issue.

### III. ROUX'S APPLICATION FOR ATTORNEY'S FEES AND HER PURPORTED ENTITLEMENT TO A DEFAULT JUDGMENT

In her first, fourth, fifth, and sixth issues, Roux complains about the trial court's decisions regarding attorney's fees and her purported entitlement to a default judgment on her application for attorney's fees. Roux contends that the trial court abused its discretion by denying her application for attorney's fees, failing to award attorney's fees for her filing an application for funeral and burial expenses, and failing to render a default judgment in her favor.

### a. Default Judgment

In her fourth issue, Roux complains that the trial court should have entered a default judgment in her favor as to her application for attorney's fees because Ford failed to file an answer in response to her application. We disagree.

Roux did not move for entry of judgment on her application for attorney's fees, nor did she file a mandamus in this Court complaining about the trial court's failure to enter a default judgment. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex. App.—El Paso 2017, orig. proceeding) ("Consequently, mandamus relief is available if a trial court has failed to enter judgment within a reasonable time."). The failure to move for judgment or call the motion for judgment to the attention of the trial court waives the issue. *See Tex-Wash Enters., Inc. v. Robna, Inc.*, 488 S.W.2d 504, 505 (Tex. Civ. App.—Waco 1972, writ ref'd n.r.e.) ("The record fails to show that appellants' motion for judgment was ever called to the attention of the trial court or acted upon by it. In this state of the record, nothing relating to the motion is presented for review."). We therefore conclude that Roux waived this complaint by failing to move for default judgment on her application for attorney's fees. We overrule Roux's fourth issue.

**b.** **Roux's Application for Attorney's Fees**

In her first and fifth issues, Roux asserts that the trial court abused its discretion by denying her application for attorney's fees because the trial court never signed an order denying her application.

Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk. *S&A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). An intent to render judgment in the future does not satisfy this test. *Id.* at 858. The words spoken or written by the trial court must evince a present, as

opposed to a future, act that effectively decides the issues before the court. *Id.* Put differently, "the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *Id.* Once a judgment is rendered by oral pronouncement, entry of a written judgment is purely a ministerial act. *Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex. 1969) (concluding that an oral rendition of divorce constituted a final judgment even though the order was not signed until after the spouse died).

At the hearing on Roux's application for attorney's fees and Ford's motion for sanctions, Roux asked "the Court to review my application and my itemized billing statement and allow me those fees that the Court determines were necessary and reasonable in my representation of Mr. Pharris, in terms of pursuing the elite services he hired me for." At the conclusion of the hearing, the trial court pronounced the following:

> —003—001—003 obviously, as you've cited, is not going to apply to you. You don't get relief under that, in this scenario, because there's been no filing removing the administrator, much less has anyone proved the administrator has neglected his duty or had this Court order that he's neglected his duty, so we're going to deny your attorney's fees under that.
>
> As for a declaratory action, same thing. There's nothing for us to act on, so, Ms. Roux, this Court is not going to grant you the relief you seek and we'll find in favor of the administrator of the estate of Miriam Mae Pharris.

As shown above, the trial court did not express any reservations about the ruling on Roux's application for attorney's fees, nor did it make any statements about delaying the ruling pending further consideration or updates from the parties or give any indication that the ruling was being withheld at the time. The trial court's language was

clear and constituted a present, active rendition of judgment denying Roux's application for attorney's fees. *See S&A Rest. Corp.*, 892 S.W.2d at 857-58.

Moreover, even if we were to accept Roux's argument that the trial court's language contemplated a future action, we note that Roux has failed to move for judgment on her application for attorney's fees, which, as stated earlier, waives her complaint about the trial court's failure to rule. *See Tex-Wash Enters., Inc.*, 488 S.W.2d at 505. Furthermore, Roux has not filed a mandamus petition in this Court seeking to compel the trial court to rule on her application for attorney's fees. *See In re Mesa Petroleum Partners, LP*, 538 S.W.3d at 157. Accordingly, we cannot say that the trial court abused its discretion by purportedly failing to rule on Roux's application for attorney's fees. As such, we overrule Roux's first and fifth issues.

**c.      Roux's Application for Funeral and Burial Expenses**

In her sixth issue, Roux asserts that the trial court abused its discretion by failing to award her attorney's fees for her filing an application for funeral and burial expenses. For two reasons, we find that this argument lacks merit.

First, there is no indication in this record that Roux presented this filing to the trial court or set this pleading for a hearing. Indeed, on March 31, 2017, the trial court entered an order at Roux's urging stating that the trial court would consider Roux's application for attorney's fees at a hearing conducted on May 2, 2017. There was no mention of Roux's application for funeral and burial expenses. Thus, the record does not

demonstrate that the trial court considered this pleading. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (stating that a trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge; however, that duty does not arise until the movant has brought the motion to the trial judge's attention); *see also In re Comeaux*, No. 10-10-00243-CV, 2010 Tex. App. LEXIS 7758, at *6 (Tex. App.—Waco Sept. 22, 2010, orig. proceeding) ("The mere filing of a pleading or letter with the clerk does not impute knowledge to the trial court." (internal citation omitted)).

Second, the record reflects that Roux filed this application purportedly on Knorr's behalf, despite the fact that Roux never represented Knorr. In fact, he was represented by a different attorney at the time—Kara Pratt. Because she never had authority to represent Knorr's interests, and because she did not obtain an order from the trial court regarding funeral and burial expenses, Roux may not recover attorney's fees she incurred purportedly prosecuting Knorr's claims. *See* TEX. ESTATES CODE ANN. § 152.051(1) (West 2014) (authorizing reasonable and necessary attorney's fees for the attorney who obtains an order regarding funeral and burial expenses); *see also Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006) (noting that a prevailing party cannot recover attorney's fees unless permitted by statute or contract). We overrule Roux's sixth issue.

## IV.    THE TRIAL COURT'S SANCTIONS ORDER

In her second and third issues, Roux challenges the trial court's sanction order. Specifically, she argues that the trial court abused its discretion by awarding Ford $6,800 in attorney's fees and sanctions against her in the amount of $2,500 to deter future groundless filings.

### a.    Applicable Sanctions Law

A trial court has the inherent power to impose sanctions against an attorney and that power is derived, in part, from Article II of the Texas Constitution. TEX. CONST. art. II, § 1 (recognizing that each branch of government—Legislative, Executive, and Judicial—has certain powers "properly attached" to that branch). In that regard, it has long been held that a trial court has the "inherent power" to sanction bad faith conduct of an attorney committed during the course of pending litigation that interferes with the effective administration of justice or the preservation of the court's dignity and integrity. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979); *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ). As the Texas Supreme Court noted in *Public Utility Com. v. Cofer*, 754 S.W.2d 121, 124 (Tex. 1988), "[w]e can say without hesitation that in our adversary system, a court has not only the power but the *duty* to insure that judicial proceedings remain truly adversary in nature." (Emphasis in original). Courts may not, however, invoke this inherent power "without some evidence and factual findings that the conduct complained of significantly interfered with the court's legitimate exercise of one of its traditional core functions." *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 447 (Tex. App.—Austin 2004, pet. denied) (citing *Kennedy v. Kennedy*, 125 S.W.3d 14, 19 (Tex. App.—Austin 2002, pet. denied)). Therefore, the court's "inherent power to sanction exists only to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process" affecting a core function of the court. *Onwuteaka*, 908 S.W.2d at 280.

In applying that standard, an appellate court reviews a trial court's imposition of sanctions under an abuse of discretion standard. *See Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004) (reinstating the trial court's

sanctions order, finding that order was not an abuse of discretion); *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (same). *See also Low v. Henry*, 221 S.W.3d 609, 621-22 (Tex. 2007) (affirming the trial court's imposition of sanctions pursuant to section 10.001(3) of the Texas Civil Practice and Remedies Code but finding an abuse of discretion in not more specifically identifying a sufficient basis to support the amount of sanctions); *Lawrence v. Kohl*, 853 S.W.2d 697, 700-01 (Tex. App.—Houston [1st Dist.] 1993, no writ) (finding imposition of sanctions to be neither arbitrary or unreasonable in light of the circumstances). Under this standard, a trial court does not abuse its discretion in levying sanctions if some evidence supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009).

Under an abuse of discretion standard, "an appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling is arbitrary and unreasonable." *Low*, 221 S.W.3d at 614 (citing *Cire*, 134 S.W.3d at 838-39); *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 582 (Tex. 2006); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). In deciding whether the trial court abused its discretion, we are cautioned to "bear in mind that the mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *City of Dallas v. Ormsby*, 904 S.W.2d 707, 710 (Tex. App.—Amarillo 1995, writ denied).

When evaluating the propriety of a sanctions order, an appellate court must also remain mindful that a sanctions order involves two separate judicial decisions: (1) whether to impose a sanction and (2) what sanction to impose. *TransAmerican Nat'l Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). Therefore, in conducting our review of a sanctions order, we must conduct a two-part analysis by determining whether: (1) there is a direct relationship between the offensive conduct and the sanction imposed and (2) the sanction imposed is reasonable and not excessive. *Id.*

In other words, any sanction imposed should be directly related to offensive conduct, be no more severe than required to satisfy legitimate purposes, and the "punishment should fit the crime." *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). This means that a trial court must consider less stringent sanctions first to determine whether lesser sanctions

will fully promote compliance, deterrence, and discourage further abuse. *Id.*; *In re J.V.G.*, No. 09-06-00015-CV, 2007 Tex. App. LEXIS 5426, at *11 (Tex. App.—Beaumont July 12, 2007, no pet.) (mem. op.) (holding that "the fact that sanctionable conduct does not bear the label . . . of having 'interfered with the core functions of the trial court,' does not indicate an abuse of discretion so long as the record indicates a direct relationship between the improper conduct and the sanction imposed, and that a lesser sanction would have been insufficient to serve its punitive function").

Findings of fact and conclusions of law from a sanctions hearing are not the same as those contemplated by Rules 296 and 297 of the Rules of Civil Procedure; *United States Fidelity & Guaranty Co. v. Rossa*, 830 S.W.2d 668, 672 (Tex. App.—Waco 1992, writ denied), and such findings should not be given the same weight as findings made under those rules. *Goff v. Branch*, 821 S.W.2d 732, 738 (Tex. App.—San Antonio 1992, writ denied). During an appellate review, the entire record, including the evidence, arguments of counsel, written discovery on file, and the circumstances surrounding the party's sanctionable conduct, must be examined. *Rossa*, 830 S.W.2d at 672; *Abcon Paving, Inc. v. Crissup*, 820 S.W.2d 951, 954 (Tex. App.—Fort Worth 1991, no writ). Thus, we are not limited solely to a review of the "sufficiency of the evidence" to support the findings made or implied; rather, we make an independent inquiry of the entire record to determine whether the court abused its discretion in imposing the sanction in question. *See Rossa*, 830 S.W.2d at 672. *See also Otis Elevator v. Parmelee*, 850 S.W.2d 179, 181 (Tex. 1993); *Chrysler Corp.*, 841 S.W.2d at 852-53.

*Brewer v. Lennox Hearth Prods., LLC*, 546 S.W.3d 866, 874-76 (Tex. App.—Amarillo 2018, pet. filed).

b.      **Applicable Attorney's Fees Law**

An appellate court reviews a trial court's decision on the award of attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). "Whether to award attorney's fees, and to which party, is a decision that is solely within the trial court's discretion and will not be reversed absent a clear abuse of that discretion."

*Sammons v. Elder*, 940 S.W.2d 276, 284 (Tex. App.—Waco 1997, writ denied). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Cire*, 134 S.W.3d at 838-39 (quoting *Downer*, 701 S.W.2d at 241).

**c.    Discussion**

As noted earlier, Ford sought $2,500 in sanctions and $7,500 in attorney's fees under Texas Rules of Civil Procedure 10 and 13, as well as sections 9.011, 10.001, and 10.002 of the Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 10, 13; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.011, 10.001-.002. The trial court granted Ford's motion for sanctions and awarded $2,500 in sanctions and $6,800 in attorney's fees without specifying a particular rule or statute.

Chapter 10 of the Civil Practice and Remedies Code allows sanctions for filing a pleading or motion "for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1), .004. Texas Rule of Civil Procedure 13 provides that a court may impose sanctions upon a determination that a pleading or motion is groundless and brought in bad faith or groundless and brought for the purpose of harassment. TEX. R. CIV. P. 13. For violations of Rule 13, we look to Rule 215 for appropriate sanctions. *See id.* Rules 215.2(b)(8) and 215.3, as well as Chapter 10 of the Civil Practice and Remedies

Code, all specify attorney's fees and reasonable expenses caused by the improper conduct as an appropriate sanction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.004(c)(3); Tex. R. Civ. P. 13 (incorporating the sanctions available under Rules 215.2(b)(8) and 215.3).

Reviewing the entire record, we conclude that there is ample evidence to support a sanction against Roux under Chapter 10 of the Civil Practice and Remedies Code and Rule 13. The evidence showed that Roux filed a notice of appearance indicating that she represented Dennis Pharris, not the estate. Less than two weeks later, Roux filed a motion to withdraw as counsel for Dennis. Nevertheless, Roux submitted an application for attorney's fees, requesting that the estate reimburse her for legal services rendered to Dennis. Because Roux did not represent either the estate or the administrator for the estate, and because the record evidence does not demonstrate that she complied with section 351.003 of the Estates Code, Roux was not entitled to reimbursement for her attorney's fees from the estate. *See* Tex. Estates Code Ann. § 351.003. As such, it was reasonable for the trial court to conclude that Roux's application for attorney's fees was a groundless filing brought in bad faith under both Chapter 10 of the Civil Practice and Remedies Code and Rule 13 and caused the estate to suffer damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001(1); Tex. R. Civ. P. 13 (noting that "[g]roundless" for purposes of Rule 13 "means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law"); *see also Zeifman v. Nowlin*, 322 S.W.3d 804, 811 (Tex. App.—Austin 2010, no pet.) (affirming sanctions under Rule 13

where the trial court found that a pleading had no basis and lacked evidentiary support); *R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 708 (Tex. App.—Waco 2008, pet. denied) (stating that "[t]he trial court uses an objective standard to determine if a pleading was groundless: did the party and counsel make a reasonable inquiry into the legal and factual basis of the claim" and that "the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading").

Additionally, we also recognize that Roux filed an application for funeral and burial expenses on behalf of Knorr—someone whom she did not represent. Roux did not have authority to file this pleading on behalf of Knorr, who was represented by another attorney. As such, the trial court could have also reasonably concluded that this pleading was groundless and brought in bad faith under both Chapter 10 of the Civil Practice and Remedies Code and Rule 13 and caused the estate to suffer damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1); TEX. R. CIV. P. 13; *see also Zeifman*, 322 S.W.3d at 811; *R.M. Dudley Constr. Co.*, 258 S.W.3d at 708.

Having concluded that the evidence supports the imposition of a sanction, we turn to a determination of whether the sanction awarded was appropriate or just. *See Am. Flood Research, Inc.*, 192 S.W.3d at 583; *see also TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917. Applying the two-part test articulated by the Texas Supreme Court, we must first determine whether there is a direct relationship between the sanctionable conduct and

the sanction imposed. *See Am. Flood Research, Inc.*, 192 S.W.3d at 583; *see also TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917. As stated above, the evidence shows that Roux filed multiple groundless pleadings in bad faith. The sanctions of attorney's fees and reasonable expenses are directed against the filing of groundless, bad-faith pleadings and are an appropriate sanction under Chapter 10 and Rules 13 and 215.3. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.004; TEX. R. CIV. P. 10, 215.3; *see also Am. Flood Research, Inc.*, 192 S.W.3d at 584. Accordingly, we conclude that there is a direct relationship between the improper conduct and the sanctions imposed. *See Am. Flood Research, Inc.*, 192 S.W.3d at 584.

We next consider whether the amount of the sanctions was excessive. In the instant case, Ford sought $2,500 in sanctions and $7,500 in attorney's fees. At the hearing on Roux's application for attorney's fees and Ford's motion for sanctions, Ford, who is board certified in estate planning and probate and has practiced in this area of the law for nineteen years at the time of the hearing, testified regarding the attorney's fees incurred by the estate to litigate Roux's groundless pleadings. Ford specifically noted, without objection, that the estate incurred $6,800 in reasonable and necessary attorney's fees for responding to Roux's pleadings, as well as filing the motion for sanctions, and that the fees were based on those customarily charged in Hill County, Texas, for similar legal services. On cross-examination, Ford itemized the work done and the number of hours spent on each task.

Considering the entire record, we cannot say that the trial court's award of $6,800 in attorney's fees was excessive. *See Werley v. Cannon*, 344 S.W.3d 527, 534-35 (Tex. App.—El Paso 2011, no pet.) (concluding that a sanction of $12,600 was not excessive where the evidence showed a party had incurred that amount in attorney's fees); *see also Wein v. Sherman*, No. 03-10-00499-CV, 2013 Tex. App. LEXIS 10666, at *30 (Tex. App.—Austin Aug. 23, 2013, no pet.) (mem. op.) (concluding that a sanction of $100,000 in attorney's fees was not excessive when the evidence showed a party has incurred $117,007.60 in reasonable and necessary attorney's fees and expenses). Accordingly, we conclude that the trial court's award of $6,800 in attorney's fees in the form of sanctions was not an abuse of discretion. *See Bocquet*, 972 S.W.2d at 21; *see also Wein*, 2013 Tex. App. LEXIS 10666, at *30. We overrule Roux's second issue.

Roux also challenges the $2,500 sanctions award. Without objection, Ford testified that a $2,500 sanction is not excessive and is a reasonably-tailored sanction to deter subsequent groundless filings. Roux did not challenge this amount on cross-examination. Additionally, the trial court noted the following:

> At this time, the Court awards attorney's fees in the amount of $6,800 to the Estate of Miriam Mae Pharris, and let me say when I say the sanctions of $2,500 I'm now going to award is just a slap on the wrist.

> Ms. Roux, your actions in this case have led me to seriously question your responsibilities towards the ethical practice of law in the State of Texas. Quite frankly, I feel that I am obliged, as the judge of this court, to report your actions, especially at a possibility of representation of more than one party in this estate, to the State Bar of Texas. That being said, judgment awarded in favor of the estate.

The legitimate purpose of sanctions includes the goal of securing compliance. *See Chrysler Corp.*, 841 S.W.2d at 849; *see also Wein*, 2013 Tex. App. LEXIS 10666, at *34. The trial court reasonably determined that the $2,500 in sanction would operate to ensure compliance in terms of deterring Roux from filing additional groundless pleadings in this matter. Thus, there is some evidence that the sanctions award of $2,500 was directly related to the sanctionable conduct and was not excessive. *See Am. Flood Research, Inc.*, 192 S.W.3d at 583; *see also TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917. Therefore, we reject Roux's arguments that the trial court assessed a monetary sanction without reference to guiding principles or without considering less severe sanctions. *See Zeifman*, 322 S.W.3d at 811. We overrule Roux's third issue.

## V.    SUPERSEDEAS BOND

In her eighth issue, Roux contends that the trial court abused its discretion by requiring her to post a supersedeas bond in this case. Specifically, Roux argues that the attorney's fees awarded by the trial court should not be considered in determining the amount of the supersedeas bond because they are neither compensatory damages, nor costs.

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *See Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). Texas Rule of Appellate Procedure 24.4 authorizes an appellate court to engage in a limited supersedeas review. *See* TEX. R. APP. P. 24.4. On any party's motion, we may review: (1)

the sufficiency or excessiveness of the amount of security; (2) the sureties on a bond; (3) the type of security; (4) the determination whether to permit suspension of enforcement; and (5) the trial court's exercise of discretion in ordering the amount and type of security. *Id.* at R. 24.4(a). We may require the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk. *Id.* at R. 24.4(d). Additionally, we may also require other changes in the trial-court order and remand for entry of findings of fact or for the taking of evidence. *Id.*

We review trial-court rulings pursuant to Rule 24.4 under an abuse-of-discretion standard. *See EnviroPower, L.L.C. v. Bear, Stearns & Co.*, 265 S.W.3d 1, 2 (Tex. App.— Houston [1st Dist.] 2008, pet. denied). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *See Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997); *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996)). The trial court has no discretion in determining what the law is or applying the law to the facts; therefore, a clear failure to analyze or apply the law correctly is an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see Shook v. Walden*, 304 S.W.3d 910, 916 (Tex. App.—Austin 2010, no pet.) (stating that where the trial court's determination regarding the amount of security turns on a question of fact, the determination is reviewed for abuse of discretion,

and where the determination turns on a question of law, the determination is reviewed de novo).

In her notice of appeal, Roux indicated that she sought to appeal the trial court's May 4, 2017 order denying her application for attorney's fees, granting sanctions against Roux, and awarding attorney's fees to Ford. Nowhere in her notice of appeal does she indicate an intent to appeal the trial court's order setting the amount to supersede the judgment. Moreover, the record does not contain a motion contemplated by Rule 24.4 filed by Roux challenging the amount of the supersedeas bond. *See* TEX. R. APP. P. 24.4(a). As such, Roux has not preserved this complaint for appellate review. *See id.*

And even if she had preserved this issue for appellate review, we cannot say that Roux has been harmed. In the instant case, the trial court set the amount to supersede the judgment at $2,500, which corresponds with the $2,500 sanctions award. Regardless, the record does not reflect that Roux has posted this bond, nor has the estate sought to enforce the trial-court judgment. We therefore cannot conclude that Roux has satisfied her burden by demonstrating that the trial court abused its discretion by setting the amount of the supersedeas bond at $2,500.[2] *See id.; see also EnviroPower, L.L.C.*, 265 S.W.3d at 2. Accordingly, we overrule Roux's eighth issue.

---

[2] Indeed, in her appellant's brief, the entirety of Roux's argument that the $2,500 supersedeas bond is excessive is as follows: "Even the amount set by the court of $2,500.00 as a supersedeas bond is harmful because." Roux did not complete this argument. Furthermore, the remainder of her argument in this issue challenges the usage of attorney's fees in the calculation of the supersedeas bond—something the trial court did not do.

## VI. CONCLUSION

Having overruled all of Roux's issues on appeal, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed July 3, 2019
[CV06]

